MICHIGAN FIRE & MARINE INSURANCE CO. v. J. P. WHITELAW ET AL.

1. CONSTRUCTION OF CONTRACT OF INSURANCE.

While a contract of insurance should be liberally construed in favor of the insured, it must also receive a reasonable interpretation consistent with the apparent object and plain intentions of both the parties. Hence, a provision, in a policy of fire insurance indemnifying against all direct loss and damage by fire except as therein provided, which exempts a fire insurance company from liability for a loss caused directly or indirectly by riot, should not be limited to a loss caused by riot without a fire; but applies also to a loss by fire caused by rioters.

2. LOSS BY FIRE CAUSED BY RIOTERS IS A "LOSS CAUSED BY RIOT."

The total destruction of a building covered in a policy of insurance by fire, caused by rioters setting fire to a city hall, which is communicated to an adjoining building and thence to the building insured, is a "loss caused by riot" within the meaning of a provision in the policy that the company "shall not be liable for loss caused directly or indirectly by * * * riot," and in such event there can be no recovery under the policy.

ERROR to the court of common pleas of Summit county.

Allen, Waters & Andress and R. M. Wanamaker, for plaintiff in error.

S. G. Rogers and Musser & Kohler, for defendants in error:

It is well settled in this state that a contract of insurance must be liberally construed in favor of the insured. The contract should receive a reasonable construction so as not to defeat the intention of the parties; an exception in a policy should be strictly construed, and where there are two constructions equally fair, that which gives the greater indemnity should prevail. Guenther, Insurance Law Sec. 25; Snapp v. Insurance Co. 8 Ohio St. 458, 462; West v. Insurance Co. 27 Ohio St. 1, 7; Webster v. Insurance Co. 53 Ohio St. 558 [42 N. E. Rep. 546].

And where, in view of the terms of the instrument and the relations of the contracting parties, it was doubtful whether certain words were

used in an enlarged or restricted sense, other things being equal, that construction will be adopted which is most advantageous to the promisee. Guenther, Insurance Law Sec. 25; Commercial Ins. Co. v. Robinson, 64 Ill. 265; Heffron v. Insurance Co. 132 Pa. St. 580 [20 Atl. Rep. 698].

A court cannot make a contract for the parties, but it must take the policy of insurance as it found it and so construe it, if possible, to give insurance to the party who supposed he had it, to construe the exceptions in the policy most favorably to the insured, and by taking that view, it could not uninsure the property owner for loss by fire resulting from explosion by reading into the exceptions of the policy the words "by fire," and we fail to see how this court can uninsure the property owner in this case by reading into the exception the words "by fire" or "loss occasioned by fire resulting from riot," etc., and thereby deprive the property owner of his indemnity from loss by fire occasioned or brought about by riot, invasion, insurrection, etc.  3 Joyce, Insurance Secs. 2588 to 2592.

In the body of the policy, plaintiff below was insured from loss or damage by fire on specified articles of property constituting an oil refinery.  The object of inserting the ninth condition in the policy was to exempt the company from liability for certain losses insured against in the body of the policy.  The condition is framed upon the evident theory that the company would be liable, under the policy, not only for the loss of the insured property by fire, but for any damage it might sustain by reason of certain destructive forces proximately connected with fire, although the property should not be burned.  Whether the theory is well founded or not, it equally aids us in arriving at the intention and meaning of the language employed.  In regard to lightning, the two kinds of damage that may be occasioned thereby are recognized; and the exemption from liability is confined to that arising only from the destructive force, where no fire ensues.  It is contended that the case of the United Life, F. & M. Ins. Co. v. Foote, 22 Ohio St. 340, warrants us in holding in this case that the exemption from damage occasioned by the explosion of gas, would have embraced that if fire resulting from explosion, but the insertion of those words in the clause under consideration distinguishes this case from that.  It can hardly be supposed that it was the purpose to exempt the company from liability for fire resulting from explosion of gunpowder or gas, while it remained liable for damage occasioned by explosions where fire does not ensue.  The more reasonable presumption would seem to be that, as gunpowder and gas when ignited, like lightning or steam, are destructive forces, the purpose was to exempt the company

from the kind of damage resulting from the explosive forces merely. Boatman's Fire & Marine Ins. Co. v. Parker, 23 Ohio St. 85, 96.

HALE, J.

Plaintiff in error, by its policy of insurance, dated October 10, 1899, insured J. P. Whitelaw, Hanni Whitelaw and H. B. Plumer, defendants in error, against loss or damage by fire to property specifically described in said policy to the amount of $700. The property insured was a frame building located on Main street in Akron, and the second building from the city hall or city building. On August 23, 1900, and while this policy was in force, there was a serious riot in the city of Akron. The rioters set fire to the city building, which was wholly destroyed by fire. The fire was communicated to an adjoining building, or originally commenced in the adjoining building, and thence communicated to the building of the defendant in error, which was wholly destroyed. It is stipulated in the policy that the company does insure the insured against all direct loss and damage by fire, except as hereinafter provided; and among the numerous provisions thereinafter provided is the following:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon.

"If a building or any part thereof fall, except as the result of fire, all insurance by this policy on such building or its contents shall immediately cease."

In due time and form proof of loss was made by the insured and the payment by the company refused on the ground that the loss was not within the terms of the policy, but exempted by the clause which I have read. An action was commenced by the insured against the company and issues joined; trial had, a verdict and judgment in favor of the defendant in error.

Under the issues the defendants in error claimed the loss was within the terms of the policy, while the plaintiff in error asserted that the loss fell within the exception above quoted, and was a loss for which the company was not liable.

The trial court construed this policy in the charge to the jury, and said:

"If, on the night when the property insured by this policy was destroyed by fire, three or more persons had assembled together on Main street to do an unlawful act, namely, to take the prisoner by force and violence from the city building, and the persons so assembled there together were then and there doing an unlawful act, and that while they were so engaged in their unlawful proceeding, a fire was communicated, by the persons so engaged, to the Columbia Rink and to the city building, and that it then spread in a southerly direction, so that the flames, or sparks from flames, communicated with the building of the plaintiffs, whereby such building was wholly destroyed by fire, such loss, under such circumstances, would not be within the exceptions of this policy."

The correctness of this construction is challenged. While it is true that a contract of insurance should be liberally construed in favor of the insured, it is, nevertheless, true that the contract should receive a reasonable interpretation consonant with the apparent object and plain intent of the parties. The company insured the defendant in error against all direct loss or damage by fire except as provided in the exceptions. Leaving out all the intervening clauses except the one here invoked, it provides for an absolute indemnity against loss by fire, except for loss caused by riot, etc. The language is, "shall not be liable for loss caused directly or indirectly by riot."

In argument it was conceded that the rule applicable here is precisely the same as it would have been had the rioters set fire to the city building, and the insurance been on that building. In other words, it is not contended that this loss was not caused by riot, but the contention on the part of the insured is that this only exempted the company from loss caused by riot other than by fire; that loss by fire is not intended to be excepted, otherwise the policy would have specified that the company should not be liable for loss by fire caused by riot. Certainly the language employed is sufficient to indicate and include all loss caused by riot. If we are to employ the ordinary rules of interpretation to this contract, the insertion of the words "by fire" would be wholly superfluous. The indemnity is only against loss by fire. The two together read, "Does insure against all direct loss or damage by fire, except loss caused directly or indirectly by riot," etc. The exception limits the risk which was otherwise assumed—an exception from a fire loss. Insurance against loss by fire except loss caused by riot surely means but one thing, and that is that the company does not assume loss of any kind caused by riot. This is very much strengthened by the language of the latter part of the clause quoted. After the proviso relating to invasion, riot, etc., which we have been considering, the exception is further extended as follows: "or (un-

less fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but damage by lightning may be assumed by specific agreement hereon." Different kinds of losses may follow an explosion—the destruction of a building without fire, or the destruction of a building by fire, or the partial destruction of a building by explosion and a completion of the destruction by fire. In the first clause the loss and damage resulting from a cause is unlimited; they shall not be liable for loss or damage caused by riot; and in another clause limited to the destruction of the property other than by fire. Certainly no interpretation of the contract is permissible which leads to the conclusion that there must be read into the first clause of this exception the same limitation that is expressed in the second clause. It seems clear to us that this contract will not bear the interpretation given it by the trial court. We hold that under the facts assumed in this charge there was no liability on the part of the company for the loss.

An examination of the cases cited leads to the conclusion that the liability of the insurance company in each case turned upon a proper interpretation given to the peculiar wording of the policy under consideration by the court. We find nothing in any of the cases that would require or justify a different holding from that here intimated.

In the case of United Life, Fire & Marine Ins. Co. v. Foote, 22 Ohio St. 340, 344, 351, there was a direct insurance against loss by fire to the extent of $5,000. Then this exception was contained in the policy:

"This company is not liable for loss or damage by lightning or tornado, unless expressly mentioned or insured against; but will be responsible for loss or damage to property consumed by fire occasioned by lightning. Nor will this company be responsible for any loss or damage to property consumed by fire happening by reason of, or occasioned by any invasion, insurrection, riot, or civil commotion, or of any military or usurped power, nor where the loss is occasioned or superinduced by fraud, dishonesty, or criminal conduct of the insured, *nor to any loss or damage occasioned by or resulting from any explosion whatever, whether of steam, gunpowder, camphene, coal oil, gas, nitro-glycerine, or any explosive article or substance, unless expressly insured against, and special premium paid therefor."*

It will be noticed that in the clause relating to riot the company will not be responsible for any loss or damage to property consumed by fire, and then is added the clause exempting the company for loss from explosion, the term "by fire," is omitted; and in the argument of the case Judge McIlvaine, in speaking for the court, quoting that clause relating to explosion, says:

"Unless there is something in the subject matter of this clause that indicates that the words 'by fire' were omitted for the purpose of showing a design to adhere to and continue the general risk in case an explosion should result in a fire, we think that they or their equivalent should be supplied by implication or construction."

This case is not in accord with many other cases, some of them more recent, but it was under review shortly after in the case of Boatman's Fire & Marine Ins. Co. v. Parker, 23 Ohio St. 85, in which a different conclusion was reached upon a differently worded policy, but in the syllabus of the case it is said the two cases are to be distinguished.

I will not take the time to review the many cases cited, but will refer to the case of Commercial Ins. Co. v. Robinson, 64 Ill. 265 [16 Am. Rep. 557]. That action was upon a policy insuring against loss by fire, which provided that the company should not be liable for any loss or damage by fire caused by means of an invasion, insurrection, riot, civil commotion, military or usurped power, nor for any loss caused by the explosion of gunpowder, camphene, or any explosive substance, or explosion of any kind. It will be noticed then in the first clause of this exception relating to riot, the company shall not be liable for loss by fire, and in the last clause relating to explosion the words "by fire" are omitted. It is very similar to the case of United Life, Fire & Marine Ins. Co. v. Foote, *supra*. The court, in disposing of this case, in the argument, say:

"It will be observed that, in a clause of the policy preceding the one under consideration, the company stipulated that it should not be liable 'for any loss or damage by fire caused by means of an invasion, insurrection,' etc. Here exemption is specially secured against liability for losses by fire caused in a certain manner. But the clause under consideration leaves out the words 'by fire.' It secures exemption from liability for losses caused by explosion, but not from liability for losses by fire caused by explosion. The difference in phraseology between the two clauses is so marked, that, when we consider their connection with each other, we cannot resist the conclusion that the difference was intended."

So that because the first clause specifically exempted the company from losses by fire, followed by a clause exempting the company from losses by explosion, omitting the words "by fire," that court held that under the latter clause losses by fire were not included.

It will be noticed that the policy that we have is differently worded from that considered in either of these cases. Here the contract of indemnity is against all loss by fire, except for loss caused directly or indirectly by invasion, riot, etc., omitting the words "by fire," followed by the clause relating to explosion, which reads, "unless fire ensues," and, in that

event, "for damage by fire only," continuing the liability of the company under the policy for losses by fire in case of explosion, and limiting the exception to loss or damage by explosion other than by fire. So that in Commercial Ins. Co. v. Robinson, *supra,* there were brought together in the exception two clauses, one relating to loss or damage by riot, etc., and the other relating to an explosion. The first clause in the exception used the term "by fire;" the second did not, and the court said, because of the different wording of these two clauses a different construction should be given.

The two clauses in the exception in the policy that we have before us are differently worded, that relating to loss or damage by riot, etc., and the other to losses by an explosion; that relating to an explosion follows the other. The first is general in its terms, and the second, lest it should be held to be general, provides that the company shall not be exempt for loss by fire. We are asked to give the same construction to these two clauses as supported by the Illinois case; but in the Illinois case a different construction was given to the two clauses because they were differently worded. It does not support the plaintiff's claim.

We are clear that no other reasonable construction can be given to this policy than that it was the intent and agreement of the parties that loss caused by riot should be exempted from its operation.

The judgment of the court of common pleas is reversed, and the cause remanded for further proceedings.